UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FAVROT & SHANE COMPANIES, INC.,      CIVIL ACTION
ET AL

VERSUS      NO. 06-9536

PACIFIC INSURANCE COMPANY,      SECTION "C" (1)
ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiffs, Favrot & Shane Companies, Inc., Favrot & Shane Properties, L.L.C. and Norgate Investors. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' claims concern an unpaid claim for "Rental Value" made under an insurance policy issued by defendant Pacific Insurance Company ("Pacific") to the plaintiffs regarding their Millstream Apartments property at 3500 Division Street in

1

Metairie, Louisiana.[1]  The apartments allegedly sustained damages in a post-Katrina fire on September 19, 2005.  The plaintiffs claim that J. Everett Eaves, Inc. ("Eaves"), their insurance agent for over twenty years, had been retained to procure the insurance to provide advice and procure appropriate coverage.  Specifically, the plaintiffs claim that Eaves specifically negotiated the definition of "Rental Value" in the policy, and that previous fire claims made under the definition had been paid by Pacific.  They allege that Eaves failed to advise them that the would no longer be covered for such damages under the clause, resulting in a failure to procure the coverage, a failure to detect that the coverage had not been obtained, failing to check with Pacific to ensure the appropriate coverages and a breach of fiduciary duty.  (Pet. ¶¶ 54 - 67).[2]

This matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases.  <u>Fidelity Homestead Assn. v. Hanover Insurance Co.</u>, 458 F.Supp.2d 276 (E.D.La. 2006).  It also agrees with Judge Duval's subsequent analysis that the requisite deaths

---

[1]      There is no issue that Pacific's policy was renewed on May 1, 2005, more than one year prior to filing suit in September 18, 2006.

[2]      Other claims against Pacific have been made, but Eaves's involvement appears to concern only the Rental Value coverage.

occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co., 2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

Pacific also argues that Eaves, the non-diverse insurance agent defendant, was fraudulently joined in order to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).   This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."  A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  Smallwood, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-

state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. Southern Athletic Club, LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct.

App. 06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

This Court has ruled on the scope of the fiduciary duty owed by an insurance agent. Fidelity, supra; Three X, L.L.C. v. Lexington Insurance Co., 2006 WL 3142276 (E.D.La.). The Court finds that the plaintiffs have stated a claim against Eaves with regard to the advice and the procurement of the subject insurance for purposes of improper joinder. The more substantial issue presented concerns prescription.

Under La. Rev. Stat. 9:5606A:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

This Court has previously recognized that renewals of insurance policies do not automatically restart preemption, but renewals can constitute separate conduct, if they are separate and distinct acts which give rise to immediately apparent damages. Giardina v. Allstate Insurance Co., 2006 WL 3406743 (E.D.La.). The relevant inquiry is

5

whether the action of the agent at renewal can be construed as an act separate from the initial policy procurement.  Id.

Pacific argues that because the language of the "Rental Value" provision had been the same since at least 1995, any claim against Eaves is prescribed and did not occur in conjunction with its 2005 renewal.  It also argues that the plaintiffs should have discovered any alleged negligence in coverage when they received the policy and should have read it, relying on Dobson v. Allstate Insurance Co., 2006 WL 2078423 (E.D.La.)(J. Vance).

Although the issue presented is a close one due to the commercial status of the plaintiff, the Court finds that whether or not the plaintiffs should have known about the alleged fault of Eaves upon receipt of the policy is an issue of fact that can not be resolved at this point on motion to remand based on improper joinder.  The fact that similar claims under the "Rental Value" clause had been paid in the past lends support to the plaintiffs' argument that it was not aware of the deficiency until Pacific's denial. The fact that the plaintiffs had annual meetings with Eaves to discuss coverage undermines any argument by Pacific as to preemption for purposes of improper joinder.   The related argument that the claims against Eaves are misjoined is also unpersuasive, in light of the connexity of the claims against Pacific and Eaves based on

the underlying alleged loss.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiffs, Favrot & Shane Companies, Inc., Favrot & Shane Properties, L.L.C. and Norgate Investors is GRANTED.  (Rec. Doc. 6).  This matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).  No attorney's fees will be awarded.

New Orleans, Louisiana, this 17th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE